```
 1  CHRISTOPHER P. BURKE, ESQ.
    702 PLUMAS STREET
 2  RENO, NV  89509                    Electronically filed: 8-06-10
    (775) 333-9277
 3  BAR ID# 4093
    Attorney for Debtors
 4
```

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In Re: | ) | Case No. BK-N-09-52602- GWZ |
|---|---|---|
|  | ) | Chapter 13 |
| MICHAEL CHRISTOPHER BARNHILL | ) |  |
| BRIDGETT LYNELL WADE-BARNHILL | ) | **OPPOSITION TO MOTION FOR** |
|  | ) | **RELIEF FROM AUTOMATIC** |
|  | ) |  |
|  | ) |  |
| DEBTORS. | ) | Hearing Date: 8-20-10 |
|  |  | Hearing Time: 1:30 p.m. |

COMES NOW, above-named Debtors, MICHAEL CHRISTOPHER BARNHILL and BRIDGETT LYNELL WADE-BARNHILL, (hereinafter "Debtors" or "Barnhill"), by and through their undersigned counsel, in Opposition to Motion for Relief from Automatic Stay, filed by Wells Fargo Bank N.A. (hereinafter "Creditor" or "Wells") by and through its attorney, Gregory L. Wilde, Esq. of Wilde and Associates.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

Debtors filed their Chapter 13 Bankruptcy on August 3, 2009.

Debtor listed their residence as having a value of $180,000.00.

Debtors' Schedule "D" lists creditor as having a mortgage loan of $218,876.00 on Debtors' property.

. . . .

. . . .

## II.

## LAW

11 U.S.C. section 362 (d), provides that the Court shall grant relief from stay. . ., such as by terminated, annulling, modifying, or conditioning such stay –

(1) For cause, including the lack of adequate protection . . . or;

(2) . . ., if -

    (A)    the Debtor does not have any equity in such property and,

    (B)    such property is not necessary to an effective reorganization.

## III.

## ARGUMENT

The moving party, in the first instance, must establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he is entitled to the stay. In re Curtis, 40 B.R. 795 (D.C.D. Utah 1984). A "creditor seeking relief from the automatic stay has the burden of providing evidence to make a prima facie case that the creditor is entitled to relief from the stay". In re Kim, 71 B.R. 1011 (Bkrtcy. C.D. Cal. 1984).

Creditor is seeking relief from the stay because Debtors are allegedly behind three (3) mortgage payments of $1,717.90, totaling $5,153.70. Creditor is also seeking a filing fee of $150.00, and attorney's fees of $750.00. Initially, Debtor argues although there is apparently no equity in this property, it is necessary for the Debtors' reorganization as this is Debtors' home and one of the reasons why they filed Chapter 13. Further, if there is no equity in the property, Creditor should receive no attorney fees. 11 U.S.C. §506(b). Finally, the Debtors are attempting to work out a loan modification with Creditor and are waiting for a response to their request for a loan modification.

Thus, for the foregoing reasons the stay should not be lifted. In the alternative, Debtor would request to catch up any post-petition arrears over of period of six (6) months.

. . . .

. . . .

## IV.
## CONCLUSION

The Stay should not be lifted. Debtors need the property to live in. Debtors will bring payments current if they are in fact behind.

WHEREFORE, Debtors pray for an Order:

(1) Denying the lifting of the automatic stay.

(2) In the alternative, modifying the stay.

(3) Disallowing attorney fees.

(4) Any other relief deemed just and proper.

DATED this 6th day of August 2010.

Respectfully Submitted By:

/s/ CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
702 Plumas Street
Reno, Nevada 89509
(775) 333-9277
Bar ID #: 4093
Attorney for Debtors.

3